UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMHOTEP SALAT aka IKON SAFIR,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendant. | No. 2:15-cv-0759 GEB GGH PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was filed with the court on April 8, 2015. The court's own records reveal that on June 19, 2014, plaintiff filed a complaint containing virtually identical allegations against the County of Sacramento and one of its criminal investigators. (14-cv-1468 MCE AC).[1] Both the previous action and this action allege that plaintiff was wrongfully arrested by defendants based on a warrant that they were not able to produce to him, that he was strip searched and falsely imprisoned in Sacramento Main Jail for three days based on an incorrect notation on his record, but then released on his own recognizance once the mistake was discovered, and that he was denied medal care while incarcerated. Due to the duplicative nature of the present action, the

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  court will recommend that the complaint be dismissed.[2]

2  Accordingly, IT IS RECOMMENDED that this action be dismissed without prejudice.
3  See Fed. R. Civ. P. 41(b).

4  These findings and recommendations are submitted to the District Judge assigned to this
5  case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served
6  with these findings and recommendations, plaintiff may file written objections with the court.
7  The document should be captioned "Objections to Magistrate Judge's Findings and
8  Recommendations."  Plaintiff is advised that failure to file objections within the specified time
9  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
10 Cir. 1991).

11 Dated: May 4, 2015

12 /s/ Gregory G. Hollows
13 UNITED STATES MAGISTRATE JUDGE

16 GGH:076/Salat0759.dupl

---

[2] Although plaintiff names the Sacramento County Sheriff's Department in the instant complaint, and the County of Sacramento in the previously filed case, the County is the proper defendant.  The Sheriff's Department is not a proper defendant because it is merely a department of the County and not a "person or separate entity" under 42 U.S.C. § 1983.  See Woodrow v. County of Merced, 2015 WL 164427 *7 (E.D. Cal. Jan. 13, 2015).